UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00539-FDW-DSC

| Tornello Fontaine PIERCE EL BEY, | ) | |
|---|---|---|
| **Plaintiff,** | ) | |
| vs. | ) | |
| | ) | ORDER |
| Roy COOPER, Pat McCrory, State of North Carolina, James Allen Joines, William T. Schatzman, B.J. Barnes, and Nancy Vaughan, | ) | |
| **Defendants.** | ) | |

THIS MATTER is before the Court following the filing of several Motions to Dismiss filed by Defendants pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. Nos. 4, 6, 9, 12, 15). Defendant Vaughan also seeks a pre-filing injunction against the Plaintiff. (Doc. No. 6). This matter is also before the Court on Plaintiff's motions for injunctive relief. (Docs. Nos. 21, 27). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of his rights to respond to Defendants' motions to dismiss on January 11, 2016. (Doc. No. 20). For the reasons stated below, Defendants' Motions to Dismiss are GRANTED, and Plaintiff's claims are DISMISSED. Plaintiff's further motions for injunctive relief are DENIED. Defendant's request for a pre-filing injunction is DENIED.

**BACKGROUND**

Plaintiff is a *pro se* defendant, who commenced a suit against a variety of public officials. Defendant Roy Cooper currently serves as the Attorney General of North Carolina. Defendant Pat McCrory is the current governor of North Carolina. Defendant B.J. Barnes is the Sheriff of Guilford County, North Carolina. Defendant William T. Schatzman is the Sheriff of Forsyth

1

County.  Defendant James Allen Joines is the Mayor for the City of Winston-Salem, North Carolina.  Defendant Nancy Vaughan is the Mayor for the City of Greensboro, North Carolina.

Plaintiff filed this suit *pro se* in the Western District Court of North Carolina on November 10, 2015.  This Court first will note that it is difficult to identify specific claims and causes of action with Plaintiff's Complaint.  The first claim appears to be alleging that Defendants Barnes and Vaughan spread "propaganda of hatred, fraud, libel and slander" by labeling Plaintiff as a "Sovereign Citizen." (Doc. No. 1, 5).  The second discernable claim appears to be one of unlawful arrest.  Defendants Joines and Barnes are alleged to have "kidnapped" Plaintiff on an unspecified date and location.  (Id.)  Plaintiff's third claim alleges that Defendants engaged in copyright and trademark violations by using Plaintiff's name without consent.  (Id. at 7).  Plaintiff contends that his name has been copyrighted/registered/and trademarked since 2009.  (Id.)  Plaintiff's Complaint does not seem to contain other pertinent facts.

In the Complaint, Plaintiff seeks a variety of relief for the alleged injuries.  Plaintiff asks for the removal of his fingerprints and pictures from government databases.  Plaintiff also asks for the return of an "International Driving Permit" and "Muur's Identification Cards."  Plaintiff further requests that his criminal record be expunged, and his nursing license granted.  Plaintiff requests to be placed on a State "do not detain, do not disturb" list.  (Id. at 6).

Defendants have all moved to dismiss for lack of subject matter jurisdiction over Plaintiff's claims under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Some Defendants asserted the pleading requirements in Rule 8(a) as well as improper venue under Rule 12(b)(3) as grounds for dismissal.  This Court issued a Roseboro notice

on January 11, 2016 to notify Plaintiff of his burden to respond to the Defendants' motions.[1]  (Doc. No. 20).

Plaintiff filed a document on January 14, 2016 titled, "Affidavit for Petition Grant Injunction and Prayer for Relief and Process."  (Doc. No. 21).  Plaintiff also filed a document on March 22, 2016 titled, "Petition Fiduciary (Trustee) to Grant Term of Bill in Suit (Trust)."  (Doc. No. 27).  As with previous filings, it is unclear to this Court as to what relief Plaintiff seeks.  At best, both pleadings appear to ask this Court to grant injunctive relief.  (Doc. No. 21, 5; Doc. No. 27, 2).  Therefore, this Court liberally construes these documents to be motions seeking injunctive relief.

## LEGAL STANDARD

For a federal court to adjudicate a matter, it must first have subject matter jurisdiction.  Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005).  A court may have subject-matter jurisdiction either under federal question, 28 U.S.C. § 1331 (2012), diversity jurisdiction, 28 U.S.C. § 1332 (2012), or supplemental jurisdiction, 28 U.S.C. § 1367 (2012).  A court will have jurisdiction under federal question if a cause of action is created by federal law.  Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1968).  Federal question must be clearly established in a plaintiff's well-pleaded complaint.  Caterpillar, Inc. v. Williams, 482, U.S. 386, 393 (1987).  If a court has original jurisdiction through federal question, it will also have supplemental jurisdiction over all other claims that are part of the same case or controversy.

---

[1] Roseboro requires that notice be given to *pro se* defendants in summary judgment motions.  See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (requiring "that the plaintiff be advised of his right to file counter-affidavits or other responsive material and [be] alerted to the fact that his failure to so respond might result in the entry of summary judgment against him.").  However, in an abundance of caution, courts often issue Roseboro notices for motions to dismiss, as the Court did in this case.

3

28 U.S.C. § 1367.  A court will have diversity jurisdiction in cases between citizens of different states where the amount in controversy is greater than $75,000.  28 U.S.C. § 1332.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. Pro. 12(h)(3).

The plaintiff has the burden of establishing subject matter jurisdiction.  Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).  In evaluating a 12(b)(1) motion to dismiss, courts apply the standard applicable to a motion for summary judgment, where the nonmoving party must show that a genuine issue of material fact exists.  Richmond, Fredricksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  The moving party prevails on a 12(b)(1) motion "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows defendants to move for dismissal when a plaintiff has not stated a claim that is recognized by law.  Rule 8(a) requires that a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a).  This claim for relief must be plausible, and not merely speculative.  Waters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012).  In order to be plausible, a complaint must contain sufficient factual matter "that allows the court to draw the reasonable inference that the defendant is liable."  Ashcroft v. Iqbal, 556 U.S 662, 678 (2009).  While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).  Furthermore, a Complaint must be "clear enough to enable the Defendant to know how to defend himself."  North Carolina v. McGuirt, 114 Fed. App'x. 555, 558 (4th Cir.

2004).

While pleadings from *pro se* litigants are entitled to some leniency, they are still bound to follow the rules of procedure. See <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Furthermore, the Fourth Circuit has previously held that when reviewing *pro se* complaints, courts are permitted to "apply common sense" and "reject the fantastic." <u>Nasim v. Warden, Md. House of Corrections</u>, 64 F.3d 951, 954 (4th Cir. 1995).

## ANALYSIS

The Court notes Plaintiff's very verbose and largely nonsensical complaint as a whole falls far short of meeting its burden of pleading under rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff seems fond of invoking "maxims of equity" as opposed to any actual law as basis for his claims. Plaintiff also does not include many discrete facts in his pleadings, which makes it difficult for Defendants to understand why they are being sued. See <u>McGuirt</u>, 114 Fed. App'x. at 558. However, this Court examines Plaintiff's apparent claims individually under 12(b)(1) and 12(b)(6). At best, this Court construes Plaintiff's complaint as an attempt to assert three claims against Defendants: 1) unlawful detention, 2) copyright and trademark infringement, and 3) defamation. For the following reasons, all of Plaintiff's claims are dismissed.

### I.  Plaintiff's Unlawful Detention Claim

Plaintiff's claim of unlawful detention is dismissed under 12(b)(6) for failure to state a claim upon which relief can be granted.[2] In order to survive a 12(b)(6) motion, a plaintiff's claim

---

[2] While Plaintiff does not expressly assert federal law in his Complaint, his unlawful arrest claim could be liberally construed as an assertion of a violation of 42 U.S.C. § 1983.

must contain sufficient factual matter to be "plausible on its face." Iqbal, 556 U.S. at 678. Mere conclusory statements, without a factual basis to support such conclusions, are insufficient. Id. For the unlawful detention claim, Plaintiff simply alleges that he "was kidnap [sic] for eleven (11) hours and harassed, caused duress, stressed" by Defendant Joines. (Doc. No. 1, 5–6). Similar allegations are made against Defendants Barnes and Schatzman, with vague allusions to "kidnap" and "ransom." (Id.) However, Plaintiff does not include any dates, times, or descriptions of the circumstances that would allow this Court to make any reasonable inferences towards Defendants' liability. See Iqbal, 556 U.S. at 678. Therefore, Plaintiff's claim for unlawful detention is not plausible and is dismissed without prejudice under Rule 12(b)(6).

## II. Plaintiff's Copyright and Trademark Infringement Claim

Plaintiff's claim of copyright and trademark infringement is also dismissed under Rule 12(b)(6).[3] Plaintiff claims that his name, Tornello Fontaine, Pierce el Bey is trademarked and copyrighted. (Doc. No. 1, 7). Plaintiff alleges that Defendants (unspecified) infringed upon this copyright/trademark by using his name without his consent. (Id.) As a remedy, Plaintiff requests "any funds made from every court case," presumably based on this copyright/trademark infringement. (Id.) However, Plaintiff has not plausibly established for this Court that he has a basis to obtain relief for copyright or trademark infringement. See Iqbal, 556 U.S. at 678. Copyrights serve to protect "original works of authorship." 17 U.S.C. § 102 (2012). Assuming that Plaintiff's name could even be copyrighted, Plaintiff has not presented any official government record to demonstrate that his name was registered as a copyright under 17 U.S.C. § 408. Plaintiff has also failed to show that his name was subject to trademark protection under 15

---

[3] Trademark and copyright infringement claims arise under 28 U.S.C. § 1338 and are therefore subject to federal jurisdiction.

U.S.C. § 1051 or N.C. Gen. Stat. §80-3.

The only evidence that Plaintiff offers for copyright is a document that purports to be a "Common Law Copyright." (Doc. No. 19, 10.) This document appears to be a private document which attempts to bind anyone who uses Plaintiff's name and places upon them a series of restrictions (among which is that the user may not regard filings as "bogus.") (Id. at 11.) In the absence of <u>official</u> documentation, this Court does not find it plausible that this document grants Plaintiff an actionable copyright or trademark. Plaintiff's claim for copyright violations is therefore dismissed without prejudice pursuant to Rule 12(b)(6).

### III.     Plaintiff's Defamation Claim

Plaintiff's defamation claim is also dismissed. Plaintiff alleges that Defendants Barnes and Vaughan are responsible for "teaching and spreading . . . fraud, libel and slander" by categorizing Plaintiff as a "Sovereign Citizen." (Doc. No. 1, 5). First, it is unclear that this Court has jurisdiction over these claims. Fraud, libel, and slander are actions that arise under state law, and Plaintiff has not shown how federal law or diversity applies to these claims. Furthermore, Plaintiff's lack of factual matter within his Complaint makes it unclear if these defamation claims arise from the same controversy to warrant supplemental jurisdiction. See 28 U.S.C. § 1367.

To the extent that this Court does have supplemental jurisdiction over the matter, Plaintiff's claim is dismissed for failure to state a claim. As noted in <u>Iqbal</u>, complaints that are "'naked assertion[s]' devoid of 'further factual enhancement'" are subject to 12(b)(6) dismissal. 556 U.S. at 678. Plaintiff does not provide <u>any</u> facts of the circumstances surrounding his claim. Therefore, Plaintiff's claim is not plausible and is dismissed without prejudice.

## IV.     Plaintiff's Injunctive Motions

A court must find that a plaintiff's case is "likely to succeed on the merits" (among other factors) to grant a preliminary injunction.  League of Women Voters of N.C. v. North Carolina, 769 F.3d 224, 236 (4th Cir. 2014).  To grant a permanent injunction, a plaintiff must prove that he has suffered an irreparable injury (among other factors).  eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). Since Plaintiff's case is utterly devoid of substantive facts or relevant law, Plaintiff's motions for injunctive relief are hereby denied as well.

## V.      Defendant's Request for Pre-filing Injunction

This Court notes that Plaintiff is currently subject to a pre-filing injunction in the Middle District of North Carolina for a history of filing frivolous lawsuits.  Noble v. City of Greensboro, No. 1:10CV572 (M.D.N.C. Mar. 20, 2012).  Defendant Vaughan asks this Court to impose a similar pre-filing injunction on Plaintiff.  (Doc. No. 6, 3).

A pre-filing injunction is only appropriate when it is absolutely necessary to deter vexatious litigants.  See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) ("'Use of such measures' should 'remain very much the exception to the general rule of free access to the courts.'") (citations omitted).  Cromer gave four factors to consider to determine if a pre-filing injunction was necessary: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits, (2) whether the party had a good faith basis for pursuing the litigation or simply intended to harass, (3) the extent of the burden on the courts and other parties resulting from the party's filings, and (4) the adequacy of alternative sanctions.  Id.

This Court believes Plaintiff's present lawsuit is utterly frivolous and filed with the intent to harass defendants as opposed to seriously seek legal redress.  Several years ago, Plaintiff filed

a lawsuit in this district, in which he claimed, among other things, genocide and slavery as a result of a traffic stop. El Bey v. City of Charlotte, No. 3:11-CV-0131-RJC-DCK (W.D.N.C. May 17, 2011). Plaintiff has also been previously warned against frivolous filings by this Court. Purser v. Long-Nickens, No. 3:12-CV-00704-FDW-DSC (W.D.N.C. Dec. 14, 2012). Plaintiff has had relatively few filings in this district so far and both were several years ago. The Court does not find "exigent circumstances" to warrant a pre-filing injunction at this time. See Cromer, 390 F.3d at 818. Defendant's request for a pre-filing injunction is therefore denied. However, this Court provides FINAL WARNING to Plaintiff that **future frivolous filings in this district will most likely result in sanctions and a pre-filing injunction limiting his access to the courts.**

## CONCLUSION

Accordingly, Defendants' Motions to Dismiss are GRANTED for lack of subject matter jurisdiction and failure to state a claim as explained herein. Plaintiff's motions for injunctive relief are DENIED. Defendant's request for a pre-filing injunction is DENIED. Plaintiff is hereby WARNED that future frivolous filings will most likely result in sanctions and a pre-filing injunction from this Court.

IT IS SO ORDERED.

Signed: May 31, 2016

_____
Frank D. Whitney
Chief United States District Judge