UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00539-FDW-DSC

| | | |
|---|---|---|
| TORNELLO FONTAINE PIERCE EL BEY, | ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| ROY COOPER, PAT MCCRORY, STATE OF NORTH CAROLINA, JAMES ALLEN JOINES, WILLIAM T. SCHATZMAN, B.J. BARNES, AND NANCY VAUGHAN | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

THIS MATTER is before the Court following the filing of several Motions to Dismiss by Defendants pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. Nos. 39, 41, 44, 47, 48,[1] 49). Defendants Barnes, Schatzman, and Joines also seek pre-filing injunctions and ask this Court to impose sanctions against Plaintiff. (Doc. No. 40, 48, 50). This matter is also before the Court on Plaintiff's responses to those motions and his requests for injunctive relief. (Docs. Nos. 38, 52, 55, 57). The Court issued a notice to Plaintiff, who appears pro se, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising him of the burden he carries in responding to Defendants' motions, and all motions have been fully briefed. For the reasons that follow, Plaintiff's request for injunctive relief is denied, Defendants' motions to dismiss are granted, and Defendants' motions for a pre-filing injunction are denied at this time.

---

[1] The Court notes Docs. Nos. 47 and 48, filed by Defendant Schatzman, appear to be duplicative, with the exception that Doc. No. 48 also contains a supporting memorandum attached as Doc. No. 48-1. The Court construes these pleadings together.

## I.    PROCEDURAL HISTORY

On June 1, 2016, this Court issued an order denying Plaintiff's request for injunctive relief and granting Defendants' previous motions to dismiss.  (Doc. No. 31).  Plaintiff appealed to the Fourth Circuit, which ruled to dismiss and remand the order with instructions to allow Plaintiff to file an amended complaint.  (Doc. No. 36).  Plaintiff subsequently amended his complaint (Doc. No. 38), and Defendants submitted new Motions to Dismiss.  (Doc. No. 39, 41, 44, 47, 48, 49). The Court notes at the outset that despite an opportunity to amend his pleadings, Plaintiff's Amended Complaint is—in large part—very similar to his Original Complaint and includes many of the same "causes of action" and other fantastical allegations without much reference to facts to support such claims.

## II.    BACKGROUND

Plaintiff, who appears *pro se*, commenced this suit against a variety of public officials. Defendant Roy Cooper previously served as the Attorney General of North Carolina and currently serves as the Governor of the State.  Defendant Pat McCrory is the previous governor of North Carolina.  Defendant B.J. Barnes is the Sheriff of Guilford County, North Carolina.  Defendant William T. Schatzman is the Sheriff of Forsyth County.  Defendant James Allen Joines is the Mayor for the City of Winston-Salem, North Carolina.  Defendant Nancy Vaughan is the Mayor for the City of Greensboro, North Carolina.

Plaintiff filed his amended complaint in the Western District of North Carolina on December 6, 2016.  (Doc. No. 38).  The Court notes at the outset that it is difficult to identify

specific claims and causes of action within Plaintiff's Complaint.[2]  The first discernable claim

appears to be against Defendants Schatzman and Vaughan for transporting Plaintiff to a detention

center and setting bail.  Id. at 5.  The second claim seems to be against all Defendants, claiming

each has coerced Plaintiff into revealing his Social Security number for "capital gain for the private

corporation."  Id.  Plaintiff's next cause of action appears to be one of unlawful arrest.  Plaintiff

alleges that while he was "exercising private rights of traveling," Defendant Joines "demanded

payment of ransom" and subsequently kidnapped, harassed, caused duress, and labeled Plaintiff

as a "Sovereign Citizen."  Id. at 6.  Plaintiff includes Schatzman in this claim and asserts that

Schatzman took Plaintiff's fingerprints and pictures under duress.  Id.  Plaintiff then claims that

his name has been copyrighted since 2009, and, accordingly, all Defendants have infringed upon

this copyright.  Id. at 14.  Plaintiff claims he has not filed suit to harass Defendants, but in "good

faith, good conscience, and clean hands" to stop Defendants from harassing and slandering him.

Id. at 9.

In the Amended Complaint, Plaintiff seeks a variety of relief for the alleged injuries.

Plaintiff asks for removal of his fingerprints and pictures from government databases.  Id. at 14.

Plaintiff requests the return of his cell phone, as well as the return of an "International Driving

Permit" and "Muur's Identification Cards."  Id.  Plaintiff further requests that his criminal record

be expunged and his nursing license granted.  Id.  Plaintiff asks that he and his family be placed

on a State "do not detain, do not disturb" list, and that each Defendant pay the fee for filing, taxes,

---

[2] Despite remand by the Fourth Circuit to allow Plaintiff to amend his complaint, for the most part and as explained
in more detail below, Plaintiff still fails to set forth cognizable claims.  Construing the allegations in the light most
favorable to Plaintiff, the Court does its best to discern the causes of action Plaintiff seeks to allege.

and damages caused to himself and his automobile. Plaintiff also claims his name is trademarked and asks that it be declared private property. Id.

All Defendants have moved to dismiss for lack of subject matter jurisdiction over Plaintiff's claims under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Some Defendants have also asserted Plaintiff failed to follow the pleading requirements in Rule 8(a) and filed suit in the improper venue under Rule 12(b)(3) as grounds for dismissal. This Court issued a Roseboro notice on December 29, 2016, to notify Plaintiff of his burden to respond to Defendants' motions.[3] (Doc. No. 53).

Plaintiff filed a document titled "Response to State Agent: Attorney" (Doc. No. 52) on December 28, 2016. Plaintiff also filed documents titled "Affidavit Respond to State Agents-Attorneys," (Doc. No. 55) and "Respond to State Agent: Attorney" (Doc. No. 57) on January 9 and 18, 2017. As with previous filings, it is unclear to this Court as to what relief Plaintiff seeks. At best, all pleadings appear to ask this Court to grant injunctive relief. Therefore, this Court liberally construes these documents to be motions seeking injunctive relief.

### III.    LEGAL STANDARD

For a federal court to adjudicate a matter, it must first have subject matter jurisdiction. Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). A court may have subject matter jurisdiction either under federal question, 28 U.S.C. § 1331 (2012), diversity jurisdiction, 28 U.S.C. § 1332 (2012), or supplemental jurisdiction, 28 U.S.C. §1367

---

[3] Roseboro requires that notice be given to *pro se* defendants in summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (requiring "that the plaintiff be advised of his right to file counter-affidavits or other responsive material and [be] altered to the fact that his failure to so respond might result in the entry of summary judgment against him."). However, in an abundance of caution, courts often issue Roseboro notices for motions to dismiss, as the Court did in this case.

(2012). A court will have jurisdiction under federal question if a cause of action is created by federal law. Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1968). Federal question must be clearly established in a plaintiff's well-pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987). If a court has original jurisdiction through federal question, it will also have supplemental jurisdiction over all other claims that are part of the same case or controversy. 28 U.S.C. § 1367. A court will have diversity jurisdiction in cases between citizens of different states where the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3).

The plaintiff has the burden of establishing subject matter jurisdiction. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In evaluating a motion to dismiss pursuant to Rule 12(b)(1), courts apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material facts exists. Richmond, Fredricksburg, & Potomac R.R. Co. v. United States, 945 F.3d 765, 768 (4th Cir. 1991). The moving party prevails on a Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. at 768.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows defendants to move for dismissal when a plaintiff has not stated a claim that is recognized by law. In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949

5

(2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). In order to be plausible, a complaint must contain sufficient factual matter "that allows the court to draw the reasonable inference that the defendant is liable." <u>Id</u>. Rule 8(a) requires that a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 554, 555 (2007)). Furthermore, a complaint must be "clear enough to enable the Defendant to know how to defend himself." <u>North Carolina v. McGuirt</u>, 114 Fed. App'x. 55, 558 (4th Cir. 2004).

Although pleadings from *pro se* litigants are entitled to some leniency, they are still bound to follow the rules of procedure. <u>See</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). While a *pro se* complaint must be construed liberally, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to recognize a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. <u>See</u> <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 391 (4th Cir. 1990).

### IV.    ANALYSIS

The Court first turns to Defendants' motions to dismiss for lack of subject matter jurisdiction, which Plaintiff carries the burden in responding. Plaintiff's pleadings appear to assert, to some extent, this Court has no jurisdiction:

> [A]s each Defendant has clearly shown that they are Article I court and entities
> created by congress and that no remedy or relief could be attained in these

administrative courts whereas each Defendant lacks subject matter and personal jurisdiction as i tornello am not resident of State of North Carolina nor Citizen or corporation of . . . .

(Doc. No. 38, p. 7).  In response to Defendants' motions to dismiss, Plaintiff's pleadings continue to invoke "equity" jurisdiction without reference to any supporting allegations or applicable law. (See Doc. No. 52; see also Doc. No. 38 (referencing throughout the Amended Complaint "equity jurisprudence" as a basis for his claims instead of any actual law, state or federal)).  Even the Amended Complaint's mere reference to "causes of action" over which this Court *might* have federal question jurisdiction are wholly unsupported by fact, making the existence of subject matter jurisdiction problematic for Plaintiff here.

Aside from Plaintiff failing to establish how this Court has subject matter jurisdiction, the Court turns to the motions to dismiss based on Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Despite this Court's previous ruling and admonishment to Plaintiff, his Amended Complaint continues to contain rambling assertions, unsupported by allegations of fact, and as a whole falls short of meeting its burden of pleading under Rule 8(a) of the Federal Rules of Civil Procedure, which provides a basis for dismissal under Rule 12(b)(6).

Plaintiff's failure to substantiate his claims with any concrete facts makes it challenging for the Court and Defendants to understand Plaintiff's reasons for bringing suit.  His references throughout the Amended Complaint to the Constitution, various provisions of the United States Code, case citations to inapplicable case law, and other "maxims" are unavailing in establishing a basis for Defendants to know how to defend against the purported causes of action.  See North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004) ("When determining whether a district court abused its discretion in dismissing for failure to comply with Rule 8(a), courts have looked

to various factors, including . . . whether the complaint was clear enough to enable the defendant to know how to defend himself." (citation omitted)). Accordingly, dismissal for failure to comply with Federal Rule of Civil Procedure 8 is appropriate.

Nevertheless, this Court examines Plaintiff's apparent claims individually under 12(b)(6). At best, this Court construes Plaintiff's amended complaint as an attempt to assert the following claims, generally categorized by this Court as: 1) social security fraud; 2) unlawful imprisonment, including unlawful detention, unlawful arrest, and kidnapping; and 3) copyright and trademark infringement. Plaintiff also appears to be clarifying his attempt to assert a purported defamation claim in his Response to the Motions to Dismiss. For the following reasons, all of Plaintiff's claims are dismissed.

### A. Plaintiff's Social Security Fraud Claim

Plaintiff alleges Defendants coerced him into giving them his social security number "for capital gain for the private corporation without informing beneficiary reason why." (Doc. No. 38). First, it is unclear as to the basis in law related to Plaintiff's allegation here.[4] Plaintiff claims each Defendant used "commercial paper(s)" and "ex post facto law" to obtain his Social Security number, yet offers no actual allegation indicating that anyone unlawfully compelled him to reveal his this information. Id. at 13. Plaintiff cites to a North Carolina statute prohibiting any government agency from denying individuals any rights because of their refusal to disclose their social security number, N.C. Gen. Stat. § 143-64.50(a), yet nowhere in his Amended Complaint does Plaintiff describe a situation where he was denied rights for failing to disclose this

---

[4] While Plaintiff does not reference applicable federal law, based on this Court's research and broad reading of the contents of Plaintiff's Amended Complaint, the social security fraud claim could be liberally construed as an assertion of a violation of 42 U.S.C. § 408(a)(7)(A).

information.  Plaintiff cites no applicable federal law.  He does not appear to be seeking a remedy of any kind.  As noted in Iqbal, complaints that are "naked assertion[s] devoid of 'further factual enhancement'" are subject to 12(b)(6) dismissal.  556 U.S. at 678.  Plaintiff provides no facts to substantiate this claim, therefore it is not plausible and dismissed under Fed. R. Civ. Pro. 12(b)(6) with prejudice.

**B.      Plaintiff's Unlawful Detention Claim**

Plaintiff also appears to make a claim of unlawful detention, and he generally references claims for "kidnap[ping]," apparently based on being stopped by law enforcement while "exercising private rights of traveling . . . ."[5]  (Doc. No. 38, p. 6).  Defendants move to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted.  Mere conclusory statements that lack sufficient factual basis will not survive a Rule 12(b)(6) motion.  Iqbal, 556 U.S. at 678.  The only context Plaintiff provides for the unlawful detention claim is that he was "kidnap [sic] for eleven (11) hours and harassed, caused duress, stressed" by Defendants Joines and Schatzman.  (Doc. No. 38).  Plaintiff also claims that Defendant Joines "demanded payment of ransom."  Id.  Plaintiff fails to include any dates, times, or descriptions of the circumstances that would allow this Court to make any reasonable inferences towards Defendants' liability.  See Iqbal, 56 U.S. at 678.  Plaintiff cites to no cognizable set of facts articulated in the Complaint to support the claims.  Therefore, Plaintiff's claim for unlawful detention is not plausible and is dismissed under Fed. R. Civ. Pro. 12(b)(6) with prejudice.

**C.      Plaintiff's Copyright and Trademark Infringement Claim**

---

[5] While Plaintiff does not expressly assert federal law in his Amended Complaint, his unlawful arrest claim could be liberally construed as an assertion of a violation of 42 U.S.C. § 1983.

Defendants also move to dismiss Plaintiff's claim of copyright and trademark infringement under Rule 12(b)(6).[6]  Plaintiff claims that his name, "Tornello Fontaine, Pierce el Bey," is trademarked and copyrighted.  (Doc. No. 38).  Plaintiff alleges each Defendant, on unspecified occasions, infringed upon this copyright and/or trademark by using his name without his consent. Id. at 13.  Plaintiff claims this copyright has been in place since 2009.  Id. at 14.  Plaintiff additionally alleges that (unspecified) Defendants have "committed identity theft, stolen birthrights, and trade/copyrights."  Id. at 13.  Despite these accusations, Plaintiff has not plausibly established for this Court that he has a basis to obtain relief for copyright or trademark infringement.  See Iqbal, 556 U.S. at 678.  Copyrights serve to protect "original works of authorship" created by "tangible medium[s] of expression."  17 U.S.C. § 102(a) (2012).

Assuming that it would be possible to copyright and/or trademark Plaintiff's name, Plaintiff offers no evidence of any official government record to demonstrate that his name was registered as a copyright under 17 U.S.C. § 408.  Plaintiff also fails to offer evidence that his name was subject to trademark protection under 15 U.S.C. § 1051 or N.C. Gen. Stat. §80-3.  In the absence of any supporting allegation, documentation, or basis in law, this Court finds it is not plausible that Plaintiff has an actionable copyright or trademark.  Plaintiff's claim for copyright and trademark violations are therefore dismissed with prejudice pursuant to Rule 12(b)(6).

### D.     Plaintiff's other "claims"

To the extent Plaintiff purports to assert causes of action for "trespass," "deprive of private rights thru use of force, harassment, duress and threat to contract;" "intentional infliction of emotional distress and hardship by interfering with private rights; or "taken private property for

---

[6] Trademark and copyright infringement claims arise under 28 U.S.C. § 1338 and are therefore subject to federal jurisdiction.

public gain without compensation;" (Doc. No. 38, pp. 13-14), the Court hereby summarily dismisses those claims, as well, for failure to comply with Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff provides no recitation of any allegations related to these claims, and his use of legal terminology, without more, is insufficient to comply with pleading standards under applicable law.

### E.    Plaintiff's Responses to the Motions to Dismiss

Plaintiff filed three documents in response to the Motions to Dismiss his Amended Complaint. (Doc. No. 52, 55, 57). In all documents, Plaintiff makes additional accusations against Defendants. He discounts the pre-filing injunction against him in the Middle District, Doc. 40 at 2, Noble v. City of Greensboro, No 1:10CV572 (M.D.N.C. Mar. 20, 2012), and alleges the United States District Judge in that matter is liable for slander, copyright infringement, and lacks jurisdiction over him. (Doc. No. 52, 55). Plaintiff additionally accuses each Defendant's attorney of professional misconduct and requests sanctions. (Doc. No. 57). Plaintiff fails to support these allegations with any facts. Plaintiff accuses Defendants Barnes and Vaughan of "spreading propaganda of hate" and of "denying rights/private rights" and of "disobeying an Executive order." (Doc. No. 52, 55). Plaintiff cites no evidence to substantiate these claims, and it is unclear whether this Court has jurisdiction over these claims, even if they were plausible. Fraud, libel, and slander are actions that arise under state law, and Plaintiff has not shown how any law, federal or state, applies to these claims.

To the extent that this Court has jurisdiction over the matter and the subsequent allegations contained in Plaintiff's responsive pleadings, Plaintiff's claims are dismissed under Rule 12(b)(6). Once again, Plaintiff provides only "'[n]aked assertion[s]' devoid of 'further factual

enhancement,'" which are subject to 12(b)(6) dismissal. See Iqbal, 556 U.S. at 678. Plaintiff provides no facts on which to base his claims; therefore they are not plausible and are dismissed with prejudice.

### F.     Plaintiff's Motions for Injunctive Relief

To grant a preliminary injunction, a court must find that, among other factors, a plaintiff's case is "likely to succeed on the merits." League of Women Voters of N.C. v. North Carolina, 769 F.3d 224, 236 (4th Cir. 2014). Permanent injunctive relief is appropriate when a Plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) the issuance of an injunction is in the public's interest. Id. To grant a permanent injunction, a plaintiff must prove that he has suffered an irreparable injury (among other factors). eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006). Plaintiff cannot demonstrate satisfaction of any of the above requirements due to failure to provide any substantive facts or relevant law, and his motions for injunctive relief are hereby denied.

### G.     Defendant's Request for a Pre-filing Injunction

As noted in this Court's previous order, Plaintiff is currently subject to a pre-filing injunction in the Middle District of North Carolina for a history of filing frivolous lawsuits. Noble, No 1:10CV572 (M.D.N.C. Mar. 20, 2012). In fact, Plaintiff has filed at least six lawsuits in federal court by the same or slightly different names in recent years. Defendants Barnes, Schatzman, and Joines ask this Court to impose a pre-filing injunction on Plaintiff here in this district. (Doc. No. 40, 48, 50).

While the use of a pre-filing injunction against a *pro* se plaintiff should be approached with caution, Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004), litigants do not have an absolute and unconditional right of access to federal courts in order to prosecute frivolous, successive, abusive, or vexatious legal actions. Hutton v. U.S. Dep't of Vet. Affairs, 2017 WL 2060006, *4; See In Re Vincent, 105 F.3d 943, 945 (4th Cir. 2004). The All Writs Act, 28 U.S.C. § 1651(a), allows a federal court to limit access to the courts for vexatious and repetitive litigants. Cromer, 390 F.3d at 817. A judge should not limit a litigant's access to courts absent exigent circumstances, such as "abuse of the judicial process by filing meritless and repetitive actions." Id. at 817-818.

When determining whether a pre-filing injunction is necessary, courts must weigh: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether a party had good faith basis for pursuing the litigation or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings and (4) the adequacy of alternative sanctions. Id.

This Court is aware of this Plaintiff's history of filing frivolous lawsuits. In the original order to dismiss Plaintiff's complaint, this Court noted Plaintiff's claims were "utterly frivolous" and filed "with the intent to harass Defendants." (Doc. No. 31). This Court provided Plaintiff with a final warning against future frivolous filings in this district, and informed Plaintiff that future filings would likely result in sanctions and a pre-filing injunction. Id. In this case, however, Plaintiff did not file a new complaint; he amended his first one, with the permission of the Fourth Circuit. Because Plaintiff did not file a new complaint, this Court denies Defendants' request at this time for a pre-filing injunction. This Court reiterates to Plaintiff that this is a FINAL

WARNING that **future frivolous filings in this district will most likely result in sanctions and a pre-filing injunction limiting his access to the courts.**

## V.    CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss (Docs. Nos. 39, 41, 44, 47, 48, and 49) are GRANTED for lack of subject matter jurisdiction and failure to state a claim as stated above.  The Amended Complaint is DISMISSED, and in light of the fact Plaintiff had opportunity to cure any deficiencies in the Complaint here by virtue of the Fourth Circuit's remand, such dismissal is WITH PREJUDICE.  See McGuirt, 114 F. App'x at 559 (4th Cir. 2004) ("Aggravating factors may, however, present sufficient weight in favor of that sanction and bring it within the appropriate discretion of the district court. One such aggravating factor, for instance, is whether the plaintiff has persisted in failing to comply with Rule 8(a)." (citations omitted)).

Plaintiff's requests for injunctive relief are DENIED.  Defendants' requests for a pre-filing injunction are DENIED.  Plaintiff is again WARNED that future frivolous lawsuits will most likely result in sanctions and a pre-filing injunction from this Court.

The Clerk is respectfully directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Signed: August 24, 2017

Frank D. Whitney
Chief United States District Judge

14